UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS A. EASON; and
MICHELLE RADASZEWSKI,

    Plaintiffs,

vs.

UNITED STATES OF
AMERICA,

    Defendant.

Case No.
6:22-cv-801-JSS-RMN

## ORDER

This matter is before the Court on Plaintiffs' Motion to Determine Entitlement to Costs (Dkt. 121), filed April 8, 2025. Plaintiffs move for an order finding they are entitled to claim taxable costs under 28 U.S.C. § 2412(b), Federal Rule of Civil Procedure 52(d)(2), and Local Rule 7.01(b). Dkt. 121 at 1.

The proper procedure to seek taxable costs is to file a proposed bill of costs on the docket with supporting materials, along with an affidavit or declaration confirming that the costs listed are correct and were necessarily incurred in the case, if needed to support the claimed costs. *See* 28 U.S.C. § 1924; *see also* Fed. R. Civ. P. 54(d)(1). The Clerk will review the proposed bill and tax costs on 14-days' notice. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice."). If

the United States objects to the amounts taxed, it may file a motion to review the taxed costs, as provided in Rule 54(d)(1).

None of the authorities cited by Plaintiff in its motion support deviating from the procedure proscribed by Rule 54(d)(1). Subpart (b) of the Equal Access to Justice Act simply waives the government's sovereign immunity to claims for costs and fees, to the extent that such costs and fees are available to private litigants or as provided by law.[1] *See* 28 U.S.C. § 2412(b). As explained above, the procedure set out in Rule 54(d) does not require a prevailing party to move for an award. And lastly, Local Rule 7.01 applies only if a prevailing party seeks an award of attorney's fees or non-taxable costs. *See* Local Rule 7.01(a).

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion to Determine Entitlement to Costs (Dkt. 121) is **DENIED without prejudice**; and

2. The Clerk is directed to tax costs on 14-days' notice from the filing of Plaintiffs' proposed bill of costs, which was filed at docket

---

[1] Where no statute specifically allows for the recovery of costs and fees from the United States, sovereign immunity bars an award. That is, the United States—as a sovereign—is immune from suit except to the extent that it consents to be sued. The terms of the government's consent define the court's jurisdiction to entertain the suit. *See, e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Here, Plaintiffs may recover costs from the United States because the Court is authorized to award a prevailing party's costs by 28 U.S.C. § 1924.

number 120-1.

**DONE** and **ORDERED** in Orlando, Florida, on April 9, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record